# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
PATRIARCH PARTNERS MANAGEMENT          :
GROUP, LLC, and PATRIARCH PARTNERS     :
AGENCY SERVICES, LLC,                  :
                                       :    Index No. _____
                        Plaintiffs,    :
                                       :
                                       :    **SUMMONS**
        -against-                      :
                                       :
                                       :
                                       :
INTREPID U.S.A., INC.,                 :
                                       :
                        Defendant.     :
-------------------------------------------------------------- X

To the above named defendant:

 Intrepid U.S.A., Inc.

 You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

 The basis of venue is Plaintiff's residence, which is 1 Liberty Street, New York, New York 10006, and a forum selection clause, pursuant to CPLR 501 and 503(d).

Dated:     July 6, 2020
              New York, New York

                 ALLEGAERT BERGER & VOGEL LLP

                 By:     /s/ David A. Berger
                        David A. Berger
                        John S. Craig
                        Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiff Patriarch Partners Management Group, LLC and Patriarch Partners Agency Services, LLC*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT              :
GROUP, LLC, and PATRIARCH PARTNERS         :
AGENCY SERVICES, LLC,                      :
                                           :
                                           :
                       Plaintiffs,         :   Index No. _____
                                           :
            -against-                      :   **COMPLAINT**
                                           :
                                           :
                                           :
                                           :
INTREPID U.S.A., INC.,                     :
                                           :
                       Defendant.          :
-------------------------------------------------------------x

Plaintiffs Patriarch Partners Management Group, LLC ("PPMG") and Patriarch Partners Agency Services, LLC ("PPAS", and together with PPMG, "Plaintiffs"), by and through its undersigned attorneys, Allegaert Berger & Vogel LLP, as and for its Complaint against Defendant Intrepid U.S.A., Inc. ("Defendant"), states upon knowledge with respect to its own acts and status, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a straightforward action arising from Defendant's failure to pay PPMG for amounts due and owing under a Management Services Agreement, dated as of October 25, 2010, as amended as of October 2, 2015 (the "MSA"), for management and operational consulting and other services (and associated expenses) duly provided to Defendant, and failure to pay PPAS for amounts due and owing under a First Amended and Restated Credit Agreement, among PPAS, Defendant and certain of Defendants' subsidiaries, dated as of January 11, 2007 (the "Credit Agreement"), for administrative agency services. Plaintiffs have made due demand of Defendant for the amounts outstanding to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

1

## THE PARTIES

2. Plaintiff Patriarch Partners Management Group, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

3. Plaintiff Patriarch Partners Agency Services, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

4. Defendant Intrepid U.S.A., Inc. is a corporation organized and existing under the laws of Minnesota with its principal place of business in Dallas, Texas.

## PERSONAL JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because, pursuant to Section 10 of the MSA and Section 10.8 of the Credit Agreement, respectively, Defendant has irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to each such agreement, and has waived any defense of an inconvenient forum to the maintenance of any such action.

6. Venue is proper in New York County, pursuant to CPLR § 501, because the parties elected such venue in Section 10 of the MSA and in Section 10.8 of the Credit Agreement, and pursuant to CPLR § 503(a), in that Plaintiffs' principal places of business are in New York County, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

### Defendant's Breach of the MSA

7. Pursuant to the MSA, Defendant engaged PPMG to provide certain management, operational consulting and other services (the "Services") to it, as specified in Section 1 of the

MSA. PPMG duly provided the Services to Defendant for a period of more than nine years, commencing in or about October 2010.

8. PPMG regularly submitted invoices for the Services it provided to Defendant, as well as for reasonable expenses incurred in connection therewith, which Defendant was obligated to pay under Section 3 of the MSA. Defendant has never rejected, returned, or objected to any of the invoices, and, following due demand, has failed to pay 33 of them (the "MSA Invoices"). The total of the amount of the unpaid Invoices is $3,389,221.39.

9. A summary of the outstanding MSA Invoices is as follows, with amounts that have been partially paid, is as follows:

| Invoice Date | Invoice Amount | Amount Paid | Balance |
|---|---|---|---|
| 9/1/2017 | $100,000.00 | $82,566.61 | $17,433.39 |
| 10/1/2017 | $100,000.00 | $0.00 | $100,000.00 |
| 11/1/2017 | $100,000.00 | $0.00 | $100,000.00 |
| 12/1/2017 | $100,000.00 | $0.00 | $100,000.00 |
| 1/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 2/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 3/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 4/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 5/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 6/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 7/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 8/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 9/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 10/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 11/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 12/1/2018 | $100,000.00 | $0.00 | $100,000.00 |
| 1/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 2/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 3/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 4/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 5/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 6/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 7/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 8/1/2019 | $100,000.00 | $0.00 | $100,000.00 |

| Invoice Date | Invoice Amount | Amount Paid | Balance |
|---|---|---|---|
| 9/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 10/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 11/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 12/1/2019 | $100,000.00 | $0.00 | $100,000.00 |
| 1/1/2020 | $100,000.00 | $0.00 | $100,000.00 |
| 2/1/2020 | $100,000.00 | $0.00 | $100,000.00 |
| 2/28/2020 | $371,788.00 | $0.00 | $371,788.00 |
| 3/1/2020 | $100,000.00 | $0.00 | $100,000.00 |
|  |  | Total: | $3,389,221.39 |

10. Defendant is also obligated under the terms of the MSA to indemnify PPMG for all costs, disbursements, and fees (including attorney's fees) in connection with this action because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the MSA or in connection with Services provided thereunder.

11. PPMG has duly performed all obligations required of it under the MSA.

**Defendant's Breach of the Credit Agreement**

12. In the Credit Agreement, PPAS was appointed to act as administrative agent thereunder. Pursuant to Section 2.8 of the Credit Agreement, Defendant agreed to pay PPAS an annual "Agent Fee" of $75,000 for providing administrative services ("Administrative Services") as set forth in the Credit Agreement.

13. PPAS has duly performed all obligations required of it under the Credit Agreement.

14. Section 10.7 of the Credit Agreement further provided that "[n]o failure or delay by any party in exercising any right, power or privilege under this Agreement or any of the other Credit Documents will operate as a waiver of the right, power or privilege." Credit Agreement § 10.7.

15. The Credit Agreement is governed by New York law, § 10.10, and contains a forum selection provision requiring any action to be brought in either a state or federal court in New York, § 10.8.

16. PPAS regularly submitted invoices for the Administrative Services it provided to Defendant, as well as for reasonable expenses incurred in connection therewith, which Defendant was obligated to pay under Section 2.8 of the Credit Agreement. Defendant has never rejected, returned, or objected to any of the invoices.

17. On January 1, 2019, PPAS sent Defendant an invoice for $25,000 (the "Credit Agreement Invoice") for its agent fees of $75,000 reduced by a credit of $50,000. Defendant has never rejected, returned, or objected to the Credit Agreement Invoice, and, following due demand, has failed to pay the Credit Agreement Invoice.

18. In breach of its clear obligations under the Credit Agreement, Defendant has failed to pay PPAS agent fees in the amount of $25,000.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**By PPMG**

19. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

20. Under the terms of the MSA, Defendant was obligated to pay PPMG fees for, and to reimburse PPMG for reasonable expenses incurred in connection with, the Services.

21. PPMG duly provided the Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the MSA, and is thereby entitled to payment for the Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the MSA.

22. Defendant has failed to pay for the Services rendered and reasonable expenses incurred therewith in an amount of at least $3,389,221.39, in material breach of the MSA.

23. As a direct and proximate result of Defendant's material breach of the MSA, PPMG has suffered, and continues to suffer, injury, including damages of at least $3,389,221.39, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated on Behalf of PPMG)

24. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

25. PPMG provided the Services to Defendant and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the MSA Invoices regularly submitted to Defendant.

26. Defendant received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

27. As reflected in the MSA Invoices as to which Defendant never disputed, rejected returned or objected to, the amount due and owing to PPMG thereunder is $3,389,221.39, in addition to such other costs and damages to which it is entitled.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit on Behalf of PPMG)

28. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

29. Defendant was enriched by the Services provided by PPMG, and by PPMG's payment of reasonable expenses incurred in connection therewith, to PPMG's detriment, as Defendant has failed to pay therefor.

30. The circumstances thus make it inequitable for Defendant to retain the benefit of the Services and Administrative Services provided (and reasonable expenses incurred by Plaintiffs in connection therewith) without paying PPMG value in return.

31. The fair value of the benefit of the Services and expenses incurred by PPMG for the benefit of Defendant is at least $3,389,221.39, which amount is now due and owing to PPMG in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Breach of Contract on Behalf of PPAS)**

32. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

33. Under the terms of the Credit Agreement, Defendant was obligated to pay PPAS fees for, and to reimburse PPAS for reasonable expenses incurred in connection with, the Administrative Services.

34. PPAS duly provided the Administrative Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the Credit Agreement, and is thereby entitled to payment for the Administrative Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the Credit Agreement.

35. Defendant has failed to pay for the Administrative Services rendered and reasonable expenses incurred therewith in an amount of at least $25,000, in material breach of the Credit Agreement.

36. As a direct and proximate result of Defendant's material breach of the Credit Agreement, PPAS has suffered, and continues to suffer, injury, including damages of at least

$25,000, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Account Stated on Behalf of PPAS)

37. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

38. PPAS provided the Administrative Services to Defendant and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the Credit Agreement Invoice submitted to Defendant.

39. Defendant received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

40. As reflected in the Credit Agreement Invoice as to which Defendant never disputed, rejected returned or objected to, the amount due and owing to PPAS thereunder is $25,000, in addition to such other costs and damages to which it is entitled.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendant on each of Plaintiffs' causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of suit, including reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2020

        ALLEGAERT BERGER & VOGEL LLP

By: /s/ David A. Berger
    David A. Berger
    John S. Craig
    Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs*
*Patriarch Partners Management Group, LLC and*
*Patriarch Partners Agency Services, LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC, AND PATRIARCH
PARTNERS AGENCY SERVICES, LLC,

                          Plaintiffs,

      -against-

INTREPID USA INC.,

                          Defendant.
---------------------------------------------------------------X

Index No. 652919/2020

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                        ) ss.:
COUNTY OF NEW YORK )

        COLLINS V. BURGESS-JACKMAN, being duly sworn, deposes and says:

        I am over the age of eighteen (18) years and not a party to this action. I reside at 112-18 204th Street, Saint Albans, New York 11412. On July 17, 2020, I caused to be served by U.S. First Class Mail, postage prepaid, true and correct copies of the (1) Summons and Complaint, and (2) Notice of Electronic Filing upon Intrepid USA, Inc. at the following, pursuant to that certain Amended and Restated Credit Agreement dated as of January 11, 2007:

1. Intrepid USA, Inc.
   6600 France Ave. S., Suite 510
   Edina, Minnesota 55435
   Attn: William H. Edwards, Chief Operating Officer

2. Fredrikson & Bryon, P.A.
   200 South Sixth Street, Suite 4000
   Minneapolis, Minnesota 55402
   Attn: Simon C. Root, Esq.

                                                         _____
                                                          Collins V. Burgess-Jackman

Sworn to before me this
21st day of July, 2020

_____
Notary Public

David Shaiman
Notary Public -- State of New York
No. 02SH6279331
Qualified in Kings County
My Commission Expires April 8, 2021

State of New York

County of New York

| Patriarch Partners Management Group, LLC, and Patriarch Partners Agency Services, LLC | Court File Number |
|---|---|
| Plaintiff, | 652919/2020 |
| vs. | |
| Intrepid U.S.A., Inc. | |
| Defendant, | Affidavit of Service |

SUPREME COURT

State of Minnesota )
                   )
County of Hennepin )

Mark Miller, being duly sworn, on oath says that on Tuesday, July 21, 2020 at 11:47 AM he served the Summons; Complaint; and Notice of Electronic Filing upon Intrepid U.S.A., Inc., therein named, personally at Suite 205, 6160 Summit Drive North, Brooklyn Center, MN 55430, by handing to and leaving with Jordan Stanfield, Agent for Cogency Global, Inc., authorized to accept service, the Registered Agent for Intrepid U.S.A., Inc., a true and correct copy thereof.

_____  7/21/2020
Mark Miller, Process Server

Subscribed and Sworn to before me on

7/21/2020

_____
(Signature of Notary)

DAVE L HOLPER
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2025


*2435393-1*


METRO LEGAL
legal support specialists since 1969

330 2nd Avenue South, Suite 150
Minneapolis, MN 55401
(800) 488-8994
www.metrolegal.com

RE: Patriarch v. Intrepid

-1-
1 of 1